October 10, 2010 Reasonable Fear Determination he was reported to have stated that he stayed by himself during the 2 ½ months that he was held in the holding facility.

■ The Board properly rejected Pierre's attempt to explain away the inconsistencies between his prior statements and in-court testimony. During his hearing Pierre was given the opportunity to explain the inconsistency between his 2009 statement and his testimony, but the IJ found his explanation self-serving. His argument on appeal that he answered questions in 2009 without thinking about them does not persuade us that this finding is unreasonable. Moreover, the Board validly rejected the testimony of Pierre's sister on the ground that the sister's testimony did not overcome Pierre's failure to mention being raped or assaulted during his interviews. Last, Pierre's background evidence plainly did not corroborate his assertion that criminal deportees are subjected to torture by or with the acquiescence of the government of Antigua. As explained by the IJ, the Anthonyson affidavit affirms tough prison conditions but does not attribute them to any particular reason much less any intent by Antiguan prison authorities to inflict severe pain or suffering. Accordingly, Pierre did not demonstrate that it is more likely than not that he would be tortured for any reason in Antigua, 8 C.F.R. § 1208.16(c). *See Zheng v. Gonzales,* 417 F.3d 379, 383 (3d Cir.2005) (denying petition for review where "the IJ's adverse credibility determination forecloses [the CAT] claim").

For the foregoing reasons, we will grant the Attorney General's motion for summary action and summarily deny the petition for review.

**In re Florence MASON, Appellant.**

No. 13–1391.

United States Court of Appeals, Third Circuit.

Submitted on Motion to Proceed In Forma Pauperis, and for Possible Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 May 23, 2013.

Opinion filed: June 5, 2013.

Florence–Elizabeth Mason, Ardmore, PA, pro se.

Before: FUENTES, FISHER and VANASKIE, Circuit Judges.

1. Mason's motion to proceed in forma pauperis is granted.

---

were not part of her bankruptcy estate. Thus, the automatic stay had no effect.[2]

■ We further find hold that the Bankruptcy Court did not abuse its discretion in denying Mason's motion for reconsideration. Rule 59(e) of the Federal Rule of Civil Procedures applies to motions for reconsideration in bankruptcy proceedings. Fed. R. Bankr.P. 9023; *In re Grasso,* 490 B.R. 500, 526–27 (Bankr.E.D.Pa.2013). A proper Rule 59(e) motion may be based only on one of three grounds: (1) evidence not previously available; (2) an intervening change in law; or (3) to prevent a manifest injustice. *Wiest v. Lynch,* 710 F.3d 121, 128 (3d Cir.2013). Mason's motion was not based on new law, nor was it based on new evidence, since the state court order she sought to introduce was in existence at the time of her previous hearing. The Bankruptcy Court had no authority to alter its previous decision on the basis of "manifest injustice," as the lease in question was not property of Mason's bankruptcy estate. As the District court similarly perceived no error in the Bankruptcy Court's decisions, we will summarily affirm the District Court's judgment.[3]

Christine GILLESPIE, Appellant

v.

Mr. Clifford JANEY, Individually and in his capacity as State District Superintendent, N.P.S.; Mr. Ron Hale, Individually and in his capacity as Risk Manager, N.P.S.; Mr. Perry Latteboudere, Esq., Individually, and in his capacity as counsel, N.P.S.; Ms. Cherrie Adams, Esq., Individually, and in her capacity as counsel, N.P.S.

No. 12–4319.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 May 2, 2013.

Opinion filed: June 7, 2013.

---

2. Further, even if she had been a proper tenant under the lease, the automatic stay (subject to a safe harbor exception of § 362(*l*)) does not preclude a landlord from continuing an eviction proceeding if the landlord had obtained a prepetition judgment for possession of the property. 11 U.S.C. § 362(b)(22); *In re Plumeri,* 434 B.R. 315, 319–20 (S.D.N.Y.2010).

3. We have carefully reviewed all of Mason's filings in our Court. To the extent she asks us to consider documents that were available to the Bankruptcy Court, we grant that request; any documents that were not part of that record are not considered. Mason's motion for transcripts of the bankruptcy hearings at Government expense is denied, as it is not necessary for us to review the transcripts in order to decide her appeal. Mason's remaining motions are denied.